UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANYALE LAVONE JONES,

    Plaintiff,

v.                                                    CASE NO. 8:13-cv-3232-T-23TBM

LAKELAND POLICE DEP'T, *et al.*,

    Defendants.
_____/

**O R D E R**

Jones's complaint alleges that the defendants violated his civil rights when an officer used excessive force during Jones's arrest. Jones was granted leave to proceed *in forma pauperis*. (Doc. 8) The Prisoner Litigation Reform Act requires dismissal of an *in forma pauperis* prisoner's case "if the allegation of poverty is untrue" or if the case "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Although his complaint receives a generous interpretation, *see, e.g., Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), and *Kirby v. Siegleman*, 195 F.3d 1285, 1289 (11th Cir. 1999), Jones's *pro se* complaint requires amending. Jones alleges (1) that on February 2, 2011, Officer Cook of the Lakeland Police Department arrested

Jones, (2) that after restraining Jones in handcuffs Office Cook "assault[ed] the Plaintiff by repeatedly slamming the Plaintiff's head against the hood of his squad car," and (3) that Office Cook exhibited "deliberate indifference by interfering with the hospital's medical treatment." Although the complaint sufficiently asserts a claim against Officer Cook, Jones must amend his complaint against Officer Cook. Additionally, Jones fails to sufficiently assert a claim against the other defendants.

Jones alleges that Officer Cook's actions violated his Eighth Amendment right "to be free from excessive force" and "to be free from cruel and unusual punishment." Jones was being arrested when Officer Cook allegedly used excessive force, and Jones was a detainee when Officer Cook allegedly denied him medical care. The Eighth Amendment protection from cruel and unusual punishment applies to only a convict. A detainee enjoys the protections afforded by the Due Process Clause of the Fourteenth Amendment, which ensures that no state shall "deprive any person of life, liberty or property, without due process of law." U.S. Const. Amend. XIV. *See Bell v. Wolfish*, 441 U.S. 520, 535-37 (1979) (explaining that the Due Process Clause of the Fourteenth Amendment protects a detainee whereas the Eighth Amendment protects a convict). The two constitutional provisions offer the same protection. The Fourteenth Amendment provides a detainee no greater constitutional protection than the Eighth Amendment provides a convict. *See, e.g., Whitley v. Albers*, 475 U.S. 312, 328 (1986) ("[T]he Due Process Clause affords [plaintiff] no greater protection than does the Cruel and Unusual Punishment

Clause."), and *Hasemeier v. Sheppard*, 252 Fed. App'x 282, 284 (11th Cir. 2007)[*] ("Because Hasemeier was a pretrial detainee, we analyze his claims of excessive force under the Fourteenth Amendment, using the same standards as used for Eighth Amendment claims."). Consequently, Jones's claim is properly construed as only a Fourteenth Amendment claim.

Jones names the Lakeland Police Department as a defendant. As *Williams v. Miami-Dade Police Dep't*, 297 Fed. App'x 941, 945 (11th Cir. 2008), explains, a "police department" is not a legal entity subject to suit:

> "[P]olice departments are not usually considered legal entities subject to suit, but capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *Dean v. Barber,* 951 F.2d 1210, 1214 (11th Cir. 1992) (internal citations and quotations omitted) (dismissing as a defendant to a § 1983 suit a county sheriff`s department in Alabama). Under Florida law, police departments are not legal entities amenable to suit. *Masson v. Miami-Dade County,* 738 So. 2d 431, 432 (Fla. App. 3d 1999) (noting that the MDPD lacks the capacity to be sued under the Miami-Dade County Code § 2-91); *Fla. City Police Dep't v. Corcoran,* 661 So. 2d 409, 410 (Fla. App. 3d 1995). Because the MDPD does not have the capacity to be sued under Florida law, the district court did not err in dismissing it as a party.

As a consequence, Jones cannot proceed with a claim against the Lakeland Police Department.

Jones names Police Chief Charles Thompson and Sergeant Jeffery Gary, both of the Lakeland Police Department, as defendants and alleges that each is

---

[*] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

"responsible for the practices of officer David C. Cook . . . ." Jones's facts show that neither supervisor was personally involved in either the alleged use of excessive force or the alleged denial of his medical care. The complaint must allege facts showing the involvement of each defendant in the deprivation of Jones's civil rights. A claim against an employer based on an act by an employee asserts a claim under the doctrine of *respondeat superior*. Jones cannot base a Section 1983 claim on *respondeat superior*. *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 691, 694 (1978); *Buckner v. Toro*, 116 F.3d 450 (11th Cir. 1997). Consequently, the complaint insufficiently alleges a claim under *Monell* against either Police Chief Charles Thompson or Sergeant Jeffery Gary in their capacity as a supervisor.

     Jones alleges that Police Chief Charles Thompson and Sergeant Jeffery Gary are "responsible for being sure that officer Cook was properly trained . . . ." To allege a claim of failure to train Jones must identify what training was inadequate, how that specific training effected the underlying alleged civil rights deprivation, and how each specific individual was liable for providing that training. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 - 91 (1989) ("That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program . . . . Neither will it suffice to prove that an injury or accident could have been avoided if an officer had had better or more training, sufficient to equip him to avoid the particular injury-causing conduct."). *See also Williams v. City of Homestead,*

*Fla.*, 206 Fed. App'x 886, 890(11th Cir. 2006) ("We have held that a § 1983 failure-to-train claim against a municipality is valid only in the limited circumstances where a plaintiff can show that: (1) the municipality inadequately trained or supervised its officers; (2) the failure to train or supervise is a city policy; and (3) the city's policy caused the officer to violate the plaintiff's constitutional rights.") (*citing Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998)).   Jones must allege very specific facts to support his conclusory statement that Police Chief Charles Thompson and Sergeant Jeffery Gary failed to provide adequate training.  The present complaint insufficiently alleges a claim for a failure to train.

Accordingly, the civil rights complaint (Doc. 1) is **DISMISSED** without prejudice to the filing of an amended complaint within **THIRTY (30) DAYS**.  The clerk must send to Jones the required form for filing a civil rights complaint.

ORDERED in Tampa, Florida, on April 16, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE